## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____
                             :

SHANICE KING,                :               CIVIL ACTION NO.
     *Plaintiff*          :

                             :               JURY TRIAL REQUESTED
    vs.                    :

                             :

CHRISTINE LEE, DMD, LLC,   :              JANUARY 15, 2021
     *Defendant*       :
_____:

## COMPLAINT

### I.    JURISDICTION AND VENUE

1.    This Court has original subject matter jurisdiction over this Action under 28 U.S.C. §§ 1331 and 1341 42 U.S.C. §2000e-5, insofar as the matters in controversy are brought pursuant to 29 U.S.C. §§2612 and 2620 *et seq*., the legislation amending certain provisions of the Family and Medical Leave Act, known as the Families First Coronavirus Response Act.

2.    Venue in the District of Connecticut is proper because at all times relevant, Plaintiff resided in Connecticut, Plaintiff worked in Connecticut, and Defendant is incorporated and has its principal place of business in Connecticut.

### II.    PARTIES

3.    At all times set forth herein, the Plaintiff, Shanice King, was a resident of Waterbury, Connecticut.

4.    At all times set forth herein, the Defendant, Christine Lee, DMD, LLC, was a limited liability company organized under the laws of the State of Connecticut.]

5.    The Defendant operates a general dentistry and prosthodontic dental practice located at 52 Beach Road, Suite 203, in Fairfield, Connecticut.

### III.    FACTUAL ALLEGATIONS

6.       At all times relevant hereto, the Defendant was a company with fewer than 500 employees subject to the Families First Coronavirus Response Act ("FFCRA").

7.       Pursuant to the FFCRA, employers were obligated, through December 31, 2020, to provide up to 12 weeks of leave to an employee who cannot work because the employee needed to care for a child who's school was closed due to the COVID-19 pandemic.

8.       Plaintiff began working for the Defendant, through its predecessor in interest in 2017 as a Clinical Dental Assistant.

9.       This was a full-time, Monday through Friday position.

10.      Plaintiff has a school-aged child that attends Capitol Preparatory Harbor School located in Bridgeport, Connecticut.

11.      In or around late-August of 2020, Plaintiff's child's school announced that it would be conducting the 2020 / 2021 school year through one of two models: (1) a fully remote distance learning model, or (2) a hybrid model whereby students attended school in-person two days per week and participated in remote distance learning three days per week.

12.      Parents had the option to choose which of these two models their children would participate in.

13.      This created a conundrum for Plaintiff, who relied on her child being present in school for childcare so that she could go to work and perform her job duties with Defendant.

14.      Plaintiff, with the assistance of family members, was able to arrange alternative childcare options for her child during days when school was remote, with the exception of Mondays, when she could not find other childcare.

15.     Plaintiff advised Defendant's owner, Christine Lee ("Lee"), of this impending issue, and in response, Lee advised Plaintiff of the existence of the FFCRA and the ability for her to take Monday's off to care for her child.

16.     Accordingly, beginning in or around late August or early September 2020, Plaintiff began taking time off to care for her child pursuant to the FFCRA.

17.     On or around November 19, 2020, Lee asked Plaintiff what plans were for Mondays when the ability to take childcare leave under the FFCRA expired at the end of 2020. Plaintiff replied that she hadn't formulated a plan yet.

18.     Lee stated to Plaintiff in response that she could not continue operating the Defendant down a Dental Assistant on Mondays.

19.     Plaintiff replied that she understood and that she would figure something out that would allow her to resume working Mondays after the end of 2020.

20.     Thereafter, at the end of the workday on November 23, 2020, Lee asked to meet with the Plaintiff in her office. There, Lee informed Plaintiff that she would have to "let her go" without providing any explanation as to why.

21.     Upon information and belief, Lee told Defendant's staff on November 24, 2020 that the Plaintiff had been let go due to "scheduling issues."

22.     Plaintiff's only "scheduling issue" was her inability to work on Monday due to her child's remote school schedule, which absence was protected by the FFCRA.

**COUNT ONE:**          **FFCRA INTERFERENCE IN VIOLATION OF 29 U.S.C. § 2615**

23.     All preceding paragraphs are incorporated into this Count as if fully set out herein.

24.     The Defendant is a company with fewer than 500 employees and was subject to the FFCRA.

25.     Plaintiff was eligible for leave under the FFCRA.

26.     Plaintiff engaged in activity protected by the FFCRA when she exercised or attempted to exercise her rights to leave under the FFCRA by, *inter alia*, informing Defendant of her inability to report to work on the basis of a qualifying need related to a public health emergency in accordance with 29 U.S.C. § 2612(a)(1)(F) and § 2620, namely, that Plaintiff was "unable to work…due to a need for leave to care for" her minor child, whose school or "ha[d] been closed…due to a public health emergency."

27.     The Defendant unlawfully interfered with Plaintiff's exercise or attempted exercise of rights under the FFCRA, in one or more of the following ways:

    a.      Prior to the completion of Plaintiff's protected activity, Defendant terminated Plaintiff's employment on account of her inability to report to work or because of her use of leave under the FFCRA.

28.     The Defendant's unlawful conduct, as aforesaid, deprived Plaintiff of her rights under the FFCRA.

29.     As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages, has been deprived of benefits to which he was entitled, has been deprived of the benefits of gainful employment into the future, and has incurred or will incur attorneys' fees and costs in securing her rights through this Action.

**COUNT TWO:**          **FFCRA RETALIATION IN VIOLATION OF 29 U.S.C. § 2615**

30.     All preceding paragraphs are incorporated into this Count as if fully set out herein.

31.     The Defendant is a company with fewer than 500 employees and was subject to the FFCRA.

32.     Plaintiff was eligible for leave under the FFCRA.

33.     Plaintiff engaged in activity protected by the FFCRA when she exercised or attempted to exercise her rights to leave under the FFCRA by, *inter alia*, informing Defendant of

her inability to report to work on the basis of a qualifying need related to a public health emergency in accordance with 29 U.S.C. § 2612(a)(1)(F) and § 2620, namely, that Plaintiff was "unable to work…due to a need for leave to care for" her minor child, whose school or "ha[d] been closed…due to a public health emergency."

34.     The Defendant unlawfully retaliated against Plaintiff due to her exercise or attempted exercise of rights under the FFCRA, in one or more of the following ways:

        a.     In response to Plaintiff's protected activity, Defendant terminated Plaintiff's employment.

35.     The Defendant's unlawful conduct, as aforesaid, deprived the Plaintiff of her rights under the FFCRA.

36.     As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages, has been deprived of benefits to which he was entitled, has been deprived of the benefits of gainful employment into the future, and has incurred or will incur attorneys' fees and costs in securing her rights through this Action.

**WHEREFORE**, Plaintiff herby requests a trial by jury and prays for the following relief:

1.      Money Damages for lost wages and employment benefits;

2.      Reinstatement or Front Pay in lieu thereof;

3.      Reasonable attorneys' fees;

4.      Interest;

5.      Liquidated Damages;

6.      Costs of this Action; and

7.      All other awardable relief.

THE PLAINTIFF,
SHANICE KING

BY:
Michael J. Reilly (ct28681)
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone:  860-296-3457
Fax:  860-296-0676
Email:  mreilly@cicchielloesq.com